**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) <br> OF SCF MARINE INC. ) <br> FOR EXONERATION FROM, OR ) <br> LIMITATION OF, LIABILITY. ) | Case No.:  21-cv-1342 |

## COMPLAINT

Plaintiff SCF Marine Inc. ("Plaintiff" or "SCF") submits the following as its Complaint in Admiralty seeking exoneration from or, in the alternative, limitation of liability for damages arising from a voyage of the Barge Bunge 906B that began on June 4, 2021 and ended on June 28, 2021 inclusive ("the Voyage of Bunge 906B" or "Voyage"):

1.      This action arises under the laws of the United States providing for limitation or exoneration of a vessel owner's liability, 46 U.S.C. §§ 30501-30512, and the various statutes, rules and regulations relating thereto. It is a cause of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. §1333.

2.      At all material times, Plaintiff was a corporation duly organized and existing under law and the operator and owner *pro hac vice* of the barge Bunge 906B.

3.       Bunge 906B is located at Gnots fleet, at or about Mile 119, Lower Mississippi River, in St. Rose, Louisiana, within this judicial district.

4.      On or about June 4, 2021, Bunge 906B was delivered to the dock of SSA Marine on the Tennessee Tombigbee Waterway in Columbus, Mississippi.  On June 8, 2021, SSA loaded Bunge 906B with approximately 1644 tons of iron ore fines.

5. On or about June 11, 2021, Watco Transloading, LLC moved Bunge 906B to the Lux fleet near Mile 329 on the Tennessee Tombigbee Waterway. Watco acted upon the request of the Lowndes County Port Authority and/or SSA Marine.

6. Watco tied Bunge 906B to Parker Towing Company, Inc. barge PTC 318B which was tied to the Lux fleet.

7. On or about June 11, 2021, the barge PTC 318B broke free of its moorings and carried Bunge 906B away from the Lux fleet with it. Bunge 906B floated downstream and sank adjacent to the Tom Bevill Lock and Dam.

8. In the process, Bunge 906B discharged its cargo, lost its covers and was rendered a total loss due to damage suffered as a result. Bunge 906B broke away, drifted downstream and sank while in the care, custody and control of one or more third-parties, due to the fault of one or more third parties and through no fault of SCF and/or lack of fitness of Bunge 906B itself.

9. Salvors removed Bunge 906B from its sunken position at the Tom Bevill Lock and Dam by cutting it into two pieces. The second piece of Bunge 906B was removed from the waterway on or about June 28, 2021.

10. By letter dated June 12, 2021, Celtic Marine Corporation notified SCF that Celtic holds SCF responsible for all costs and consequences from the June 11, 2021 incident, and that, pending an investigation, it intends to file a formal claim against SCF Marine.

11. At this time, SCF is not aware of any lawsuit filed against it as a result of the events of June 11, 2021.

12. Any and all injuries resulting from the Voyage of Bunge 906B were neither caused nor contributed to be caused by any fault, error, omission, negligence, unseaworthiness,

or other fault of SCF or the Bunge 906B, nor any person or entity for which SCF or Bunge 906B is responsible.

13. Any and all resulting injuries from the Voyage of Bunge 906B were occasioned and occurred without privity or knowledge of SCF.

14. The Bunge 906B has not been attached or arrested in any suit brought in connection with any claim arising out of the aforementioned Voyage of Bunge 906B.

15. SCF believes that the value of the Bunge 906B, including its rigging, equipment, freight (if any), and appurtenances on June 28, 2021, did not exceed the sum of zero dollars ($0.00). The above-mentioned absence of value is supported by the accompanying Affidavit of Myron McDonough.

16. SCF is currently storing Bunge 906B at Gnots fleet at a cost of approximately $1,000.00 per day. In order to mitigate its damages, SCF will be scrapping the Bunge 906B in the coming days.

17. Claims against SCF arising out of the Voyage of Bunge 906B are anticipated to exceed the value of the BUNGE 906B immediately after the Voyage.

18. SCF seeks exoneration from liability for any loss, injury, or damage occasioned or incurred by reason of the aforementioned Voyage of the Bunge 906B and further alleges that it has valid defenses to those claims on the facts and on the law.

19. Alternatively, and without admitting any liability, SCF claims the benefit of limitation of a vessel owner's liability provided under Title 46, United States Code, § 30505, and of the various statutes, rules and regulations supplemental thereto, and amendatory thereof. To

that end, SCF is ready and willing to proceed according to law and pursuant to the rules and practices of this honorable Court.

20. This Complaint is filed within six months of the receipt by SCF of a written claim for damages arising out of the Voyage.

21. SCF alleges that this Complaint for exoneration from, or limitation of, liability asserted herein is also filed on behalf of its insurers, underwriters, and any agents that would be entitled to exoneration from or limitation of liability to the same extent as the owner.

22. No unsatisfied liens or claims of lien, or other demands, whether in contract or in tort or otherwise, other than those alleged above, arose from the aforesaid Voyage.

WHEREFORE, Plaintiff prays that:

a) This Court shall in due course cause appraisal to be made of the value of Plaintiff's interest in the Bunge 906B after the aforesaid Voyage that ended June 28, 2021;

b) This Court, upon written motion, shall enter an order directing Plaintiff to post appropriate security for costs with a surety approved by the Court, and no security for SCF's interest in the value of Bunge 906B after the aforesaid Voyage since the cost of recovering and transporting the broken hulk exceeds its scrap value;

c) This Court, upon written motion, shall enter an Order directing that on the giving of such security as may be determined to be proper, or of a letter of undertaking or ad interim stipulation as will be offered by Plaintiff, the institution or further prosecution of any and all actions, suits, and legal proceedings of any nature or description with respect to the matters alleged in this Complaint, in any jurisdiction, except in the present

proceeding, against Plaintiff or its agents or representatives, or any other person for whom Plaintiff is or may be responsible, or against any of the property of Plaintiff, including, but not limited to, the Bunge 906B, to recover damages caused by or resulting from said Voyage, or in respect of any claim or claims arising out of or resulting from said incident, shall be enjoined until the hearing and determination of this proceeding;

        d)        This Court, upon written motion, shall enter an Order directing the issuance of a notice to all persons claiming damage for any and all loss, damage, expenses, or injuries caused by or resulting from the aforesaid Voyage, citing them and each of them to appear and make due proof of their respective claims, and all to appear and answer the allegations of this Complaint on or before a date set forth in said Notice;

        e)        This Court in this proceeding will adjudge that:

        (i)        Plaintiff and the Bunge 906B are not liable to any extent for any loss, damage, death, or injury, nor for any claims whatsoever in any way arising out of aforesaid Voyage alleged in this Complaint, and, therefore, Plaintiff and the Bunge 906B are entitled to a decree of exoneration in this matter;

        (ii)        If Plaintiff shall be adjudged liable to any extent in the premises, then the liability of Plaintiff shall be limited to the value of the Bunge 906B immediately following the Voyage, and that a decree may be entered discharging Plaintiff and the Bunge 906B from all further liability and further enjoining the filing and prosecution of any claim against either Plaintiff and/or the Bunge 906B related to the Voyage alleged in this Complaint; and

f) Plaintiff and the Bunge 906B may have such other and further relief as may be just and proper.

          Respectfully submitted,

          By: /s/ Dean A. Sutherland (#12585)
          Jeansonne & Remondet
          365 Canal Street, Suite 1660
          New Orleans, LA 70130
          Telephone: (504) 524-7333
          Email: deans@jeanrem.com

          and

          GOLDSTEIN and PRICE, L.C.
          and Giles B. Howard (seeking admission *pro hac vice*)
          One Memorial Drive, Suite 1000
          St. Louis, MO 63102
          Telephone:  314-516-1700
          Facsimile:  314-421-2832
          giles@gp-law.com

          and

          LAW OFFICE OF ALAN K. GOLDSTEIN
          and Alan K. Goldstein (seeking admission *pro hac vice*)
          P.O. Box 2595
          Napa, CA 94558
          Telephone:  314-609-3404 and 415-870-5127
          alan@alankgoldsteinlaw.com

          *Attorneys for Plaintiff SCF Marine Inc.*