UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE
COMPLAINT OF SCF MARINE
INC. FOR EXONERATION FROM,
OR LIMITATION, OF LIABILITY

CIVIL ACTION

NO: 21-1342 c/w 21-1768, 21-2273, 21-2286

SECTION: "J" (1)

## ORDER & REASONS

Before the court is a *Motion for Partial Summary Judgment* **(Rec. Doc. 212)** filed by Watco Transloading, L.L.C. ("Watco"). SCF Marine Inc. ("SCF") and Parker Towing Company, Inc. ("Parker") have both filed oppositions (Rec. Docs. 246, 247) to which Watco has replied (Rec. Doc. 249). Having considered the motion, legal memoranda, record, and appliable law, the Court finds that the *Motion for Partial Summary Judgment* **(Rec. Doc. 212)** should be **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of a breakaway of two barges from the Lux Creek Fleet on the Tennessee Tombigbee Waterway near the Tom Bevill Lock and Dam. The barges, the Bunge 906B owned by SCF and the PTC 318B owned by Parker, broke away from the fleet and traveled downstream. The Bunge 906B allided with the Tom Bevill Lock and Dam, allegedly causing flooding and property damage in the surrounding area. The PTC 318B continued downstream, allegedly causing further damage to riverfront property along its path. Movant Watco operates a terminal on the Tennessee Tombigbee Waterway and maintains what it asserts is a private fleet, separate from

the "public" Lux Creek Fleet in which it claims the two barges were moored. SCF and Parker assert that it was Watco who moored the Bungee 906B and PTC 318B together and was responsible for checking the mooring lines of these vessels before they broke away.

SCF, Parker, and Watco have all filed limitation actions arising out of this incident, and SCF has filed a separate civil action against Watco and Parker. These four actions have now been consolidated and set for bifurcated trials on liability and damages. Watco now moves for partial summary judgment, arguing that the Lux Fleet is a public fleet rather than a private one. Watco argues that this distinction means that each barge owner had a respective duty to its own vessel.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be

satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Watco's motion rests on a single issue: whether the Lux Creek Fleet is a "public fleet." Watco asserts that determination of this issue will have an impact on the liability allocation in this case because "if a determination is made that the Lux Fleet

is a public fleet then each barge owner had a respective duty for its vessel under the circumstances." (Rec. Doc. 212, at 2). Watco seems to define a "public fleet" as one that "was created by the Army Corps of Engineers as an open fleet for public use at no charge." (Rec. Doc. 249 at 1). However, Watco's definition neither arises out of nor is supported by any case law, nor does Watco explain why the ownership or creation of the fleet would have any bearing on liability in this case.

Watco does provide evidence from the Congressional Record that the Lux Creek Fleet was built with public funds appropriated by Congress for that purpose. (Rec. Doc. 212-7). Therefore, Watco asserts it does not own the Lux Creek Fleet. Watco instead claims that it does have a separate, private fleet which operates in conjunction with the Steel Dynamics, Inc. steel mill to fleet barges with cargo to be used at the mill. However, Watco asserts that neither the Bunge 906B nor the PTC 318B were moored in this fleet at the time of the breakaway because neither of them had any cargo to be sent to the steel mill. Rather Watco argues that the Bunge 906B and the PTC 318B were moored in the Lux Creek Fleet which is an open fleet requiring neither payment nor approval from any entity to moor there.

Although Watco provides evidence from the Congressional Record regarding the construction of the Lux Creek Mooring Facility with federal funds, Watco does not sufficiently explain or provide precedential support for its contention that the ownership of the Lux Creek Fleet has any bearing on liability in this matter. Both SCF and Parker argue that the true basis for liability in this matter rests on whether Watco conducted itself as the operator of the Lux Fleet. SCF alleges that it was Watco

who told Parker where to place its PTC 318B barge in the Lux Fleet and that Watco admitted "responsibility to keep the fleet intact." (Rec. Doc. 246, at 4). These issues of liability remain regardless of who owned the fleet. Likewise, Parker points out that "Watco's vessel crews checked the mooring lines of all barges in Watco's Lux Fleet every day" and "maintained and replaced the mooring lines hung from the pilings . . ." (Rec. Doc. 247, at 2). Even Watco itself admits that "what duties Watco had, if any, and what duties Parker and SCF, as owners of the two breakaway barges . . ., had at the time of the time of the breakaway are contested issues of fact to be determined at trial." (Rec. Doc. 249, at 7). If resolution of Watco's motion does nothing to aid in determining the duties of the various parties involved, at Watco's own admission, then this Court must wonder what bearing this motion could possibly have on a determination of liability.

Both Parker and SCF also assert in their oppositions that Watco's "public fleet" liability theory does not exist and has no bearing on any liability determination in this matter. (Rec. Doc. 246, at 3) ("Watco has invented the term 'public fleet'"). (Rec. Doc. 247, at 1) ("Watco's Motion seeks to have this Court give credibility to an inappropriate liability theory . . . that does not exist."). Indeed, a search of cases using the phrase "public fleet" only yielded nine results, and the only one of these cases related to maritime law was from another order issued by Magistrate Judge Van Meerveld earlier in this case. *See Matter of SCF Marine, Inc.*, No. 21-1342, 2024 WL 2803205 (E.D. La. May 31, 2024). Although Watco's motion is a creative attempt at a novel legal theory, it is, unfortunately, a theory with no discernable basis in law.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Watco's *Motion for Partial Summary Judgment* **(Rec. Doc. 212)** is **DENIED**.

New Orleans, Louisiana, this 12th day of July, 2024.

                                            CARL J. BARBIER
                                            UNITED STATES DISTRICT JUDGE